# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ANTHONY L. HINES,

      Plaintiff,

v.                           Case No. 3:26-cv-610-MMH-LLL

AUSTIN CAPITAL BANK SSB d/b/a
CREDIT STRONG,

      Defendant.

_____

## **O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On March 20, 2026, Plaintiff, Anthony L. Hines, initiated this action by filing his Complaint (Doc. 1). Upon review of the Complaint, the Court finds it is due to be stricken as an impermissible shotgun pleading with leave given to Hines to file a corrected complaint.

A complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. <u>See generally</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] Relevant here is the first type of shotgun

---

[1] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to

pleading, in which the plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d 1313, 1321, 1321 n.11 (collecting cases). As a result, "most of the counts … contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in each subsequent count of the Complaint, Hines "realleges all preceding paragraphs as though fully set forth herein." See Complaint ¶¶ 35, 46, 52, 58, 68. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at

---

carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

1325; see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020).

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure (Rule(s)). See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more

definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will strike Hines's Complaint and direct him to file a corrected complaint.  See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement.").[2]

Accordingly, it is

**ORDERED:**

1.      Anthony L. Hines's Complaint (Doc. 1) is **STRICKEN**.

(*remainder of page intentionally left blank*)

---

[2] Hines's Complaint also violates Rule 1.08, Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Hines must ensure that future filings comply with all applicable Local Rules.

2.      Hines shall file his corrected complaint consistent with the directives of this Order on or before **April 27, 2026**.[3] Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on this 6th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

---

[3] The filing of the corrected complaint does not affect any right Hines may have to amend as a matter of course under Rule 15(a)(1).

- 5 -